United States District Court
Southern District of Texas

**ENTERED**

April 08, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00399 |
| | § | |
| REMY REAL ESTATE | § | |
| INVESTMENT INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

There are 11 motions pending before me in this civil rights case:

1. Defendant Keith Gross's motion to dismiss (Dkt. 11);
2. Gross's motion for sanctions (Dkt. 12);
3. Plaintiff Mary Ruffin's motion to strike exhibits to Gross's motion to dismiss (Dkt. 18);
4. Defendant Remy Real Estate & Investments, Inc.'s motion to dismiss (Dkt. 19);
5. Ruffin's motion for preliminary injunction against Gross (Dkt. 22);
6. Ruffin's request for an in-person hearing (Dkt. 23);
7. Ruffin's motion for substituted service (Dkt. 27);
8. Ruffin's motion to strike exhibits to Remy's motion to dismiss (Dkt. 30);
9. Defendant Lani Harkey's motion to dismiss (Dkt. 32);
10. Ruffin's motion for sanctions (Dkt. 36); and
11. Ruffin's motion for leave to file a supplemental complaint (Dkt. 43)

I will start by addressing the motions to dismiss brought by Gross (Dkt. 11), Remy (Dkt. 19), and Harkey (Dkt. 32). For the reasons explained below, this court lacks subject matter jurisdiction over most of Ruffin's claims under the *Rooker–Feldman* doctrine. What few claims the court may exercise subject matter jurisdiction over should nevertheless be dismissed for failure to state a claim.

After disposing of the motions to dismiss, I will discuss the motions for sanctions filed by Gross and Ruffin. Finally, I will briefly address the remaining motions pending before me.

### BACKGROUND

In August 2020, Ruffin sued Remy in justice court for negligence. Gross was Remy's attorney in that case. The justice court dismissed Ruffin's suit for lack of standing. Ruffin appealed that decision to the county court. The county court judge conducted a bench trial in February 2024. After a trial on the merits, the county court judge signed a final judgment, ordering that Ruffin take nothing. Ruffin then appealed that decision to the court of appeals. *See Ruffin v. Remy Real Est. & Inv., Inc.*, No. 14-24-00299-CV, 2025 WL 684733 (Tex. App.—Houston [14th Dist.] Mar. 4, 2025, pet. denied). I take judicial notice of this appellate decision. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x. 888, 892 (5th Cir. 2020) ("[T]he district court may properly take judicial notice of public state court records.").[1]

One issue that Ruffin raised to the appellate court concerned the county court's order requiring Ruffin to pay all future court costs. *See Ruffin*, 2025 WL 684733, at \*2. As the appellate court noted, "Ruffin filed at least two statements of inability to pay court costs, both of which were contested." *Id*. The first challenge to Ruffin's indigency status was brought by Remy. The justice court sustained Remy's challenge to Ruffin's inability to pay. The county court reversed the justice court's order "and affirmed [Ruffin]'s indigency." Dkt. 1 at 8. Later at the county court, however, court reporter Mary Piper also challenged Ruffin's indigency status. The county court sustained that challenge, ordering Ruffin to pay all future court costs. On appeal, Ruffin argued that the county court's "earlier order [reversing the justice court's order and affirming Ruffin's indigency] should have

---

[1] Gross and Remy both attach a copy of the court of appeals' opinion to their respective motions to dismiss. Ruffin asks me to strike the opinion. *See* Dkts. 18, 30. That request is denied. Ruffin also asks me to strike various state court pleadings attached as Exhibit 2 to Remy's motion to dismiss. *See* Dkt. 30. That request is, likewise, denied.

precluded the county court from sustaining *the court reporter's* contest filed in county court." *Ruffin*, 2025 WL 684733, at *2. The appellate court overruled this issue "[b]ecause Ruffin failed to challenge the complained-of county court's order within ten days after the order was signed." *Id.* The appellate court affirmed the county court's judgment. *See id.* at *5.

On December 8, 2025, Ruffin instituted this lawsuit against Remy, Gross, and two court reporters—Lani Harkey and Dale Lee—who "refused to submit or provide transcripts [to Ruffin] without payment." Dkt. 1 at 10. Ruffin asserts four causes of actions against these defendants under 42 U.S.C. § 1983: (1) Fourteenth Amendment due process violation; (2) Fourteenth Amendment equal protection violation; (3) conspiracy; and (4) First Amendment denial of access to courts.[2] Remy, Gross, and Harkey have appeared and filed motions to dismiss. *See* Dkts. 11, 19, 32. While these defendants raise several reasons why Ruffin's claims against them should be dismissed, I need address only two. As to all of Ruffin's claims against Harkey and Lee, and to some of Ruffin's claims against Remy and Gross, this court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine. As to the claims over which this court has subject matter jurisdiction, Ruffin nevertheless fails to state a claim upon which relief may be granted.

## LEGAL STANDARDS

### A.    RULE 12(b)(1) AND THE *ROOKER–FELDMAN* DOCTRINE

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Rule 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *See* Fed. R. Civ. P. 12(b)(1). A claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when "the court lacks the statutory or

---

[2] Ruffin has labeled "Liability of Remy Real Estate Inc" as a fifth count in her complaint. *See* Dkt. 1 at 14. This is not actually a separate cause of action; rather, it is a legal theory by which Ruffin seeks to hold Remy liable.

constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Pls.)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted).

The *Rooker–Feldman* doctrine bars federal courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The doctrine, however, does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" *Weaver v. Tex. Cap. Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (quoting *Exxon Mobil*, 544 U.S. at 293). The relevant question then is whether the "the federal claims are inextricably intertwined with a challenged state court judgment" such that "the losing party in a state court action seeks what in substance would be appellate review of the state judgment." *Weaver*, 660 F.3d at 904 (cleaned up).

## B.    RULE 12(b)(6)

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point

of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

## MOTIONS TO DISMISS[3]

### A.    HARKEY AND LEE[4]

Ruffin claims that Harkey and Lee "obstructed [her] rights by refusing to provide transcripts despite [Ruffin's] indigency being established." Dkt. 1 at 12. This is the only allegation that Ruffin makes against Harkey or Lee in her complaint. *See id.* at 10 ("Lani Harkey and Dale Lee (Defendant) refused to submit or provide transcripts without payment, despite indigency being established leading to denial [of] due process."); *id.* at 13 ("Court Reporters Lani Harkey and

---

[3] A motion to dismiss is a dispositive pretrial matter for which a magistrate judge may only issue a recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

[4] Although Lee has yet to appear in this case, the Fifth Circuit has held that a district court does not err in allowing non-appearing defendants "to benefit from the appearing defendants' favorable [dispositive] motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). "The policy rationale for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Id.* (cleaned up). Accordingly, my recommendations as to Harkey apply with equal force to Lee.

Dale Lee denied Plaintiff access to transcripts despite knowing that Plaintiff's indigency had been established."). Ruffin does not allege that Harkey or Lee provided fraudulent statements to the court or took some independent action to ensure that Ruffin did not receive transcripts. Rather, on the face of Ruffin's complaint, Harkey and Lee were merely following court rulings that "reverse[d] [Ruffin]'s indigency determination." *Id.* at 9. Ruffin herself acknowledges that it was "the Court" who "denied [her] access to the court reporter's records." *Id.* at 10.

To find for Ruffin on her claims against Harkey and Lee, this court would have to "effectively reverse the state court decision or void its ruling" regarding Ruffin's indigency determination. *Canal Cap. Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999) ("A federal claim is inextricably intertwined with a state court judgment when the relief requested in the federal action would effectively reverse the state court decision or void its ruling." (quotation omitted)). Despite Ruffin's conclusory assertion that she "does not seek to relitigate or overturn the judgment of the state courts," she asks this court to issue an order directing Harkey and Less "to prepare and provide, without cost, the full transcript of all hearings and proceedings in Plaintiff's civil case in Civil Court at Law No. 2, Galveston County, Texas." Dkt. 1 at 3, 16. That is exactly what *Rooker–Feldman* does not allow this court to do—to effectively reverse a state court judgment. Thus, Ruffin's claims against Harkey and Lee must be dismissed for lack of subject matter jurisdiction.[5]

## B.   GROSS AND REMY

### 1.   *Claims Barred by the* Rooker–Feldman *Doctrine*

To the extent that Ruffin's claims against Gross and Remy would require this court to effectively reverse the state court decision or void its rulings, those claims are barred by the *Rooker–Feldman* doctrine.

---

[5] Even if this court had subject matter jurisdiction over Ruffin's claims against Harkey and Lee, I would still recommend dismissal because Ruffin's conclusory allegations against Harkey and Lee fail to state a claim upon which relief may be granted.

For example, Ruffin claims that she "was denied fair process" when Gross "conspired with" the justice and county courts, "which lead [sic] to blocking discovery, preventing hearings on Plaintiff's motions, and [forced a] bench trial despite non-compliance with docket control orders." Dkt. 1 at 12. Ruffin raised a similar argument to the appellate court: "In her second issue, Ruffin argues that Remy failed to comply with the county court's docket control order and that the county court erred in not enforcing the order." *Ruffin*, 2025 WL 684733, at *3.[6]

This court does not have jurisdiction to say whether the county court was wrong to hold a bench trial or to pass judgment upon how the county court enforced its docket control orders. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983) ("These allegations are inextricably intertwined with the . . . Court of Appeals' decisions, in judicial proceedings, to deny [Ruffin's appeals]." This court, "therefore, does not have jurisdiction over these elements of [Ruffin's claims]."); *see also Sookma v. Millard*, 151 F. App'x. 299, 300 (5th Cir. 2005) (holding that district court correctly applied *Rooker–Feldman*, and that the district court lacked subject matter jurisdiction over the plaintiff's "complaint, claiming defendants conspired with each other and state court judges presiding over . . . proceedings between Sookma and [one of the defendants] to deprive her of various civil rights"). Nor does this court have power to reverse the state courts' determinations regarding Ruffin's indigency, standing, or the admissibility of Ruffin's 30-year-old criminal conviction or driver's license record. *See* Dkt. 1 at 7, 10. To the extent Ruffin's claims rely on these allegations, this court lacks jurisdiction to hear those claims.

---

[6] Because Remy could act only through Gross in court, allegations about Remy and Gross are interchangeable to the extent they pertain to Gross's actions in court. Indeed, Ruffin seeks to hold Remy liable by claiming that Remy "support[ed] and benefit[ed] from the Keith Gross (Defendant) conspiracy with state actors." Dkt. 1 at 15.

### 2.     *Claims Over Which This Court Has Jurisdiction*

There are, however, certain claims against Gross and Remy over which this court has jurisdiction. Even so, those claims must be dismissed for failure to state a claim.

Ruffin alleges that Gross "violated Tex. R. Civ. P. 21c by filing documents containing [Ruffin]'s driver's license number . . . on the public court record." *Id.* at 10. Ruffin claims that this disclosure of her "sensitive personal data . . . was irrelevant to the cause of action and served no legitimate purpose." *Id.* As a result of these disclosures, Ruffin claims that she was "exposed . . . to identify theft, scams, and harassment, forcing [her] to restrict personal and professional activities to prevent further abuse." *Id.* at 11. Specifically, Ruffin alleges that her "former daughter-in-law . . . engaged in obsessive and invasive conduct, exploiting the improperly disclosed information to intrude upon [Ruffin]'s life." *Id.* Nothing about the *Rooker–Feldman* doctrine bars this court from hearing claims based upon these allegations. *See Poplar v. Waite*, No. 1:11-cv-470, 2011 WL 3585366, at *5 (W.D. Mich. Aug. 12, 2011) (*Rooker–Feldman* does not bar federal jurisdiction over "claims for monetary damages against Defendants arising from their conduct leading up to the state court's decision."). Even so, Ruffin has not stated a claim upon which relief may be granted.

In this lawsuit, Ruffin asserts claims solely under 42 U.S.C. § 1983. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

"Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted).

To establish § 1983 liability against Gross or Remy, Ruffin "must (1) allege a violation of a right secured by the Constitution or laws of the United States" and (2) demonstrate that each defendant was "acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). Even if Ruffin could establish a constitutional violation, her claims against Gross and Remy fail because Ruffin cannot show that either was acting under color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (cleaned up)).

Ruffin claims that Gross acted under color of state law "through collusion with judges and court reporters." Dkt. 1 at 3. But the United States Supreme Court has held that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Ruffin is not the first plaintiff to attempt to establish state action "by reasoning that a private party is a state actor if the party either (1) complies with a wrong judgment, or (2) commits wrongful acts that influence a judgment"—an argument that the Fifth Circuit has flatly rejected. *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 353 (5th Cir. 2003).

"With respect to the first argument, [Fifth Circuit] precedent establishes that even if a court wrongly decides a case, the fact that a private party complies with that wrong decision does not constitute state action." *Id.* As to the second argument, the one that Ruffin relies most heavily on, the Fifth Circuit has said that "[i]f a judge reaches a decision based on misinformation that counsel provides, the issuance of the decision does not imply that counsel acted under color of state law." *Id.* Because Ruffin alleges no facts to plausibly suggest that any state court judge "knowingly participated in the alleged conspiracy," she cannot establish that Gross or Remy acted under color of state law. *Id.* at 354. Accordingly, to the extent this

9

court has jurisdiction over parts of Ruffin's claims against Gross and Remy, she nevertheless fails to state a claim against them.[7]

## MOTIONS FOR SANCTIONS[8]

I now turn to the motions for sanctions filed by Ruffin and Gross. *See* Dkts. 12, 36.

In seeking sanctions, Ruffin claims that Gross has filed legally frivolous pleadings. I disagree. To the contrary, Gross has correctly pointed out that Ruffin's claims for affirmative relief should be dismissed. Accordingly, Ruffin's request for sanctions (Dkt. 36) is denied.

As for Gross's motion for sanctions, Gross complains that Ruffin has abused the legal process by filing a frivolous lawsuit. He urges the court to award monetary sanctions against Ruffin under Rule 11. Rule 11 provides that attorneys and pro se litigants presenting a filing to a court are certifying that, to the best of their belief, after reasonable inquiry: (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims, defenses, and other legal contentions are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. *See* Fed. R. Civ. P. 11(b).

---

[7] Because Ruffin is proceeding pro se, her pleadings "are to be liberally construed and, so construed, are not to be dismissed unless they are not subject to proof on any plausible state of facts." *McCray v. Sullivan*, 559 F.2d 292, 293 (5th Cir. 1977). The facts that Ruffin alleges regarding Gross's publication of her sensitive, personal information could theoretically give rise to Texas state law claims for intentional infliction of emotional distress or invasion of privacy. I express no opinion on the viability of such claims. I raise the issue to state only this: even if Ruffin's allegations could plausibly give rise to state law claims for intentional infliction of emotional distress or invasion of privacy, this court would lack jurisdiction over such claims because Ruffin and Gross are both Texas citizens.

[8] A motion for Rule 11 sanctions is a non-dispositive pre-trial matter that a magistrate judge can decide by order. *See Mosley v. Experian Info. Sols., Inc.*, No. 1:25-cv-460, 2025 WL 2429098, at *1 n.1 (N.D. Ga. July 11, 2025) (collecting cases).

A party seeking Rule 11 sanctions "must serve the non-moving party with a proposed motion for sanctions at least twenty-one days before filing it with the court, and the motion may not be filed if the non-moving party withdraws or corrects the challenged [pleading] during that 'safe harbor' period." *Barret-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x. 219, 221 (2015) (quoting Fed. R. Civ. P. 11(c)(2)). Strict compliance with the safe harbor provision is mandatory. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008). A party's failure to comply with the safe harbor provision precludes a district court from granting a motion for sanctions under Rule 11. *See Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 387–88 (5th Cir. 2022). The movant has the burden to show compliance with the safe harbor provision. *See Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

Here, Gross filed his motion for sanctions with the court on January 26, 2026. *See* Dkt. 12. The record is devoid of any evidence that Gross served his motion for sanctions on Ruffin prior to filing his motion with the court. Rather, it is readily apparent, from my review of the record, that Gross could *not* have served his motion for sanctions on Ruffin 21-days before he filed the motion with the court. This is because Gross acknowledged in an email to Ruffin that he did not even receive Ruffin's lawsuit until January 23, 2026, a mere three days before he filed the motion for sanctions. *See* Dkt. 24 at 4. Thus, Gross could not possibly satisfy his burden to establish that he complied with Rule 11's procedural prerequisite. Accordingly, his motion for sanctions (Dkt. 12) must be denied. *See Elliott*, 64F.3d at 216.[9]

---

[9] I recognize that, in addition to Rule 11 sanctions, all federal courts have the inherent authority to take steps to protect the integrity of the court from vexatious litigants. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). The Supreme Court has cautioned that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* "The threshold for the use of inherent power sanctions is high," and there must be a showing of "bad faith" before the court may use its inherent powers to impose sanctions. *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). Based on my review of the record, Ruffin has not acted in bad faith. I therefore decline to use my inherent authority to award sanctions against her.

## REMAINING MOTIONS

There are several additional motions before me.

### A.    RUFFIN'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (DKT. 43):[10]

Ruffin seeks leave to file a supplemental complaint. Although pro se plaintiffs are normally allowed an opportunity to supplement or amend their complaint prior to dismissal, *see Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), a district court may properly deny leave to supplement or amend a complaint if supplementation or amendment would prove futile. *See Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend.").

Ruffin's proposed supplemental complaint is directed only to Gross, involves only post-complaint allegations, and asserts claims under 42 U.S.C. §§ 1983 and 1985(2). *See* Dkt. 43-2. As for the § 1983 claims, Ruffin's supplement is futile because, as discussed above, Ruffin cannot establish that Gross acted under color of state law. The § 1985 claim does not require that Gross have acted under color of state law. The claim still fails, however, because it concerns solely conduct made during Gross's representation of his client, Remy, and himself.

Conduct by an attorney made during the course of representation is "exempt[] from a conspiracy charge under section 1985." *Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999). As the Third Circuit explained in *Heffernan*:

> The challenged activity may violate the canons of ethics, but so long as it is within the scope of representation, it does not eliminate the exemption from a conspiracy charge under section 1985. Simply because a lawyer's conduct may violate the rules of ethics does not mean that the conduct is actionable, in damages or for injunctive relief. The offended third party has a remedy . . . through court imposed sanctions or reference to state disciplinary bodies.

---

[10] Magistrate judges have authority to rule directly on a motion to supplement the pleadings. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851 (5th Cir. 2010).

*Id.* (cleaned up); *see also Garner v. City of Many*, No. CV 21-0228, 2021 WL 4129769, at *6 (W.D. La. Sept. 9, 2021) (dismissing plaintiffs' conspiracy claims because "[t]he actions allegedly taken by [a defendant-attorney], which the [plaintiffs] believe evidence a conspiracy, clearly fall within the scope of a typical attorney-client relationship"); *Nat'l Rifle Ass'n of Am. v. Ackerman Mcqueen, Inc.*, No. 3:19-cv-2074, 2021 WL 3618113, at *19 n.24 (N.D. Tex. Aug. 16, 2021) ("The court will not consider [a party's] conspiracy claim insofar as it concerns [another party's counsel]."). Thus, Ruffin's motion for leave (Dkt. 43) is denied as futile.

### B.   RUFFIN'S MOTIONS TO STRIKE EXHIBITS TO GROSS'S AND REMY'S MOTIONS TO DISMISS (DKTS. 18, 30):[11]

As already noted, these motions are denied. *See* supra n.1.

### C.   RUFFIN'S MOTION FOR PRELIMINARY INJUNCTION AGAINST GROSS (DKT. 22):[12]

Because Ruffin either cannot state a viable claim against Gross, or because this court lacks jurisdiction over any other claim against Gross, I recommend that Ruffin's request for injunctive relief be denied. *See Obey v. SN Servicing Corp.*, No. 4:22-cv-04000, 2023 WL 4714074, at *3 (S.D. Tex. July 24, 2023).

### D.   RUFFIN'S REQUEST FOR AN IN-PERSON HEARING (DKT. 23):

Ruffin requests an in-person hearing on her motion for a preliminary injunction against Gross. Because I recommend that the motion for preliminary injunction be denied, oral argument is not needed. *See* S.D. Tex. LR7.5 (although a party may request an oral hearing, the allowance of an oral hearing is within the sole discretion of the judge handling the matter). The request is denied.

---

[11] "District courts in the Fifth Circuit have universally treated motions to strike evidence as non-dispositive matters that a magistrate judge may rule on by order as opposed to a report and recommendation." *Dulcich, Inc. v. DaPron*, No. 3:23-cv-00405, 2025 WL 976598, at *1 n.1 (S.D. Tex. Apr. 1, 2025) (collecting cases).

[12] A motion for injunctive relief is a dispositive pretrial matter for which a magistrate judge may only issue a recommendation. *See* 28 U.S.C. § 636(b)(1)(A); *Davidson*, 819 F.3d at 763.

**E.    RUFFIN'S MOTION FOR SUBSTITUTED SERVICE (DKT. 27):[13]**

Ruffin requests the court to authorize substituted service for Lee. Because I have recommended that Lee be dismissed from this case due to lack of subject matter jurisdiction over the claims Ruffin asserts against him, there is no need for substituted service. The motion is denied.

## CONCLUSION

In sum, I recommend the court grant the motions to dismiss (Dkts. 11, 19, 32). Under the *Rooker–Feldman* doctrine, the court lacks subject matter jurisdiction over Ruffin's claims against Harkey and Lee, and lacks subject matter jurisdiction over Ruffin's claims against Gross and Remy to the extent those claims would invite this court to effectively reverse the state court judgment against Ruffin. To the extent this court has jurisdiction over any portion of Ruffin's claims against Gross and Remy, I recommend the court hold that Ruffin fails to state a claim against either Gross or Remy. I further recommend that Ruffin's motion for preliminary injunction (Dkt. 22) be denied. All other pending motions (Dkts. 12, 18, 23, 27, 30, 36, 43) are denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this ___8___ day of April 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[13] A motion for substituted service is a nondispositive pretrial matter on which a magistrate judge may rule directly. *See, e.g.*, *Wyatt v. Kozlowski*, No. 19-cv-159, 2021 WL 130978, at *1 (W.D.N.Y. Jan. 14, 2021).