United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | 3:25-cv-399 |
| | § | |
| REMY REAL ESTATE | § | |
| INVESTMENT INC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

On February 11, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 21. Judge Edison filed a memorandum opinion, order, and recommendation on April 8, 2026, recommending that the court grant the pending motions to dismiss, Dkts. 11, 19, 32, for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. Dkt. 45 at 14. To the extent this court retains jurisdiction over any portion of the plaintiff Mary Ruffin's claims the defendants Keith Gross and Remy Real Estate Investment, Inc., Judge Edison recommends the court hold that Ruffin fails to state a claim against either Gross or Remy. *Id.* Finally, Judge Edison recommends that Ruffin's motion for preliminary injunction, Dkt. 22, be denied.

On April 20, 2026, Ruffin filed her objections to the memorandum and recommendation. Dkt. 47. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate

judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

In her objections, Ruffin requests leave to amend her complaint. The Fifth Circuit has said that "plaintiffs facing a motion to dismiss [should] go through a process of receiving briefing from the movant, conducting research and submitting opposing briefing to the district court, and finally receiving a ruling identifying potential flaws in their original complaint." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024). Thus, Ruffin may amend her complaint. Ruffin must file her amended complaint by Friday, May 8, 2026. Ruffin must assert all relevant factual allegations and all possible causes of actions that she might have against any defendant in her amended complaint. The court will not grant Ruffin leave to amend again.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation, Dkt. 45, is approved and adopted in its entirety as the holding of the court;

(2) The defendants' motions to dismiss, Dkts. 11, 19, 32, are granted;

(3) Ruffin's motion for a preliminary injunction, Dkt. 22, is denied;

2

3

(4)    Ruffin is granted leave to file an amended complaint by Friday, May 8, 2026.

SIGNED on Galveston Island this 30th day of April 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE