United States District Court
Southern District of Texas
**ENTERED**
August 31, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00399 |
| | § | |
| REMY REAL ESTATE & INVESTMENT INC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

This civil rights case is before me on a motion to dismiss filed by Defendant Lani Harkey for the second time. *See* Dkt. 56. The motion should be granted.

Harkey is a court reporter. Plaintiff Mary Ruffin appealed a case she filed in small claims court to Galveston County Court at Law No. 2. Ruffin originally proceeded as an indigent party in county court. After a hearing, which was transcribed by Harkey, the county court ordered that Ruffin would be responsible for all future court costs incurred in the case. The Fourteenth Court of Appeals affirmed the trial court's judgment. Ruffin now complains that Harkey violated Ruffin's constitutional rights by refusing to prepare and release the transcript to Ruffin free-of-charge.

The *Rooker-Feldman* doctrine bars federal district courts from exercising jurisdiction over cases:

(1) brought by state-court losers;
(2) complaining of injuries caused by state-court judgments;
(3) rendered before the federal proceedings commenced; and
(4) inviting district court review and rejection of those judgments.

*See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In addressing Ruffin's original complaint, I concluded that this court lacked subject matter jurisdiction over Ruffin's claims against Harkey under the *Rooker—Feldman* doctrine. *See* Dkt. 45. Judge Jeffrey V. Brown adopted my

recommendation. *See* Dkt. 49. Ruffin has now filed an amended complaint. *See* Dkt. 54. Harkey seeks to dismiss the amended complaint for several reasons, including that the court lacks subject-matter jurisdiction under the *Rooker–Feldman* doctrine. Nothing about Ruffin's amended complaint changes my previous jurisdictional analysis. As I have already explained:

> To find for Ruffin on her claims against Harkey . . . , this court would have to "effectively reverse the state court decision or void its ruling" regarding Ruffin's indigency determination. *Canal Cap. Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999) ("A federal claim is inextricably intertwined with a state court judgment when the relief requested in the federal action would effectively reverse the state court decision or void its ruling." (quotation omitted)). . . . That is exactly what *Rooker–Feldman* does not allow this court to do—to effectively reverse a state court judgment. Thus, Ruffin's claims against Harkey . . . must be dismissed for lack of subject matter jurisdiction.

*Ruffin v. Remy Real Estate Inv. Inc*, No. 3:25-cv-00399, 2026 WL 948512, at *3 (S.D. Tex. Apr. 8, 2026). Thus, I recommend that the court again grant Harkey's motion to dismiss. *See* Dkt. 56.[1]

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 31st day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[1] Even if this court had subject matter jurisdiction over Ruffin's claims against Harkey, I would still recommend dismissal because Ruffin's conclusory allegations against Harkey fail to state a claim upon which relief may be granted. And even if Ruffin could state a claim against Harkey, I would still recommend dismissal because Harkey has asserted and is entitled to qualified immunity.