United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00399 |
| | § | |
| REMY REAL ESTATE INVESTMENT INC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

On February 11, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 21. Judge Edison filed a memorandum and recommendation on August 31, 2026, recommending that the court grant Defendant Lani Harkey's motion to dismiss (Dkt. 56) for a second time. Dkt. 60.

On September 14, 2026, Ruffin filed her objections to the memorandum and recommendation. Dkt. 65. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

Ruffin's objections misunderstand both the *Rooker–Feldman doctrine* and qualified immunity.

First, Ruffin argues that *Rooker–Feldman* cannot apply because Harkey was not a party to the state-court case. But the phrase "state-court loser" refers to the plaintiff who lost in state court, not to the defendant later sued in federal court. Ruffin was a party to the state-court case and lost there. The question is whether she now asks this court to grant relief that would require the court to reject or undo the state court's ruling. As the court already explained, Ruffin's claim that Harkey was required to provide the transcript for free depends on Ruffin being right that the state court could not require her to pay those costs. That is the same issue addressed in Judge Edison's previous memorandum and recommendation. Dkt. 45. Harkey's absence as a party to the state-court case does not change that analysis.

Second, Ruffin has qualified immunity backwards. Ruffin contends that Judge Edison overlooked her individual-capacity claim against Harkey. This assertion appears to stem from a misconception that qualified immunity applies to official-capacity claims. Qualified immunity applies to claims against government officials sued in their *individual* capacities; it does not apply to official-capacity claims. *See Hafer v. Melo*, 502 U.S. 21 at 27 (1991). An official-capacity suit is a

suit against the "entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (quotation omitted). Thus, Ruffin's official-capacity suit against Harkey is really a suit against Galveston County. But Ruffin has not named or served Galveston County, and Galveston County has not received "notice and an opportunity to respond." *Id.* at 166. Accordingly, Ruffin's official-capacity claim against Harkey should be dismissed. As for Ruffin's individual-capacity claim, Ruffin confuses absolute judicial immunity and qualified immunity. Ruffin is correct that court reporters do not receive absolute judicial immunity for performing ministerial duties; but that has nothing to do with qualified immunity, which court reporters can still receive and to which Harkey is entitled.

Finally, Judge Edison's second memorandum and recommendation was short because Ruffin's amended complaint did not change the reasoning that required dismissal. Judge Edison was not required to rewrite the same analysis simply because Ruffin filed a longer complaint. The prior reasoning was expressly incorporated and remains applicable.

It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 60) is approved and adopted in its entirety as the holding of the court; and

(2) Harkey's motion to dismiss (Dkt. 56) is granted.

SIGNED on Galveston Island this 22nd day of September, 2026.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE