United States District Court
Southern District of Texas
**ENTERED**
November 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| MARY RUFFIN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00399 |
| | § | |
| REMY REAL ESTATE INVESTMENT INC, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**

There are two motions pending before me in this case. The first motion is Plaintiff Mary Ruffin's motion for an order authorizing service on Defendant Dale Lee by email. *See* Dkt. 68. The second motion is Ruffin's motion to alter or amend Judge Jeffrey V. Brown's September 22, 2026 order adopting my recommendation that the court grant Defendant Lani Harkey's motion to dismiss. *See* Dkt. 69.

Harkey and Lee are both court reporters. Ruffin has sued Harkey and Lee for allegedly violating her constitutional rights by refusing to prepare and release transcripts to Ruffin free of charge. I have twice recommended that Ruffin's claims against Harkey be dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See* Dkts. 45, 60. Judge Jeffrey V. Brown has adopted both recommendations. *See* Dkts. 49, 67.

In an April 8, 2026 memorandum and recommendation, I recommended the dismissal of Ruffin's claims against Harkey *and Lee* for lack of subject matter jurisdiction. *See* Dkt. 45 at 5–6. I stated:

> Although Lee has yet to appear in this case, the Fifth Circuit has held that a district court does not err in allowing non-appearing defendants "to benefit from the appearing defendants' favorable [dispositive] motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). "The policy rationale for this rule is that it would be incongruous and unfair to allow some defendants to prevail, while not

> providing the same benefit to similarly situated defendants." *Id.* (cleaned up). Accordingly, my recommendations as to Harkey apply with equal force to Lee.

*Id.* at 5 n.4. Judge Brown accepted that recommendation and adopted it as the opinion of the court on April 30, 2026. *See* Dkt. 49. Ruffin was permitted, however, to file an amended complaint, which she did on May 22, 2026. *See* Dkt. 54.

On June 5, 2026, Harkey again moved to dismiss Ruffin's claims against her. *See* Dkt. 56. I again recommended that Ruffin's claims against Harkey be dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *See* Dkt. 60. In making that recommendation, I should have recommended, like I did in my April 8, 2026 memorandum and recommendation, that the outcome be the same as to Lee. *See* Dkt. 45 at 5 n.4. That was an oversight on my part. So, I issue this recommendation today to recommend that the court **DISMISS** Ruffin's claims against Lee for the same reason the court has already dismissed Ruffin's claims against Harkey—those claims are barred by the *Rooker–Feldman* doctrine. Because I am recommending the dismissal of Ruffin's claims against Lee, I **DENY** Ruffin's request to serve Lee via email. *See* Dkt. 68. Finally, because the court's application of the *Rooker–Feldman* doctrine to Ruffin's claims against Harkey and Lee has been legally correct, I recommend the court **DENY** Ruffin's motion to alter or amend judgment. *See* Dkt. 69.

Ruffin's motion to alter or amend judgment is brought under Federal Rule of Civil Procedure 59(e). This is not the correct rule for what Ruffin seeks. "Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). Because the order that Ruffin asks this court to alter or amend was not a final judgment—meaning, it did not dispose of all Ruffin's claims against all defendants—the court should construe Ruffin's motion as a Rule 54(b) motion. *See Williams v. Seidenbach*, 958 F.3d 341, 346 (5th Cir. 2020) (Rule 54(b) "sets forth the

governing framework for determining finality in a suit against multiple defendants."). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation omitted). Here, there is no reason for the court to reconsider or reverse its decision that the *Rooker–Feldman* doctrine bars this court's consideration of Ruffin's claims against Harkey and Lee.

The *Rooker–Feldman* doctrine bars federal district courts from exercising jurisdiction over cases: (1) brought by state-court losers; (2) complaining of injuries caused by state-court judgments; (3) rendered before the federal proceedings commenced; and (4) inviting district court review and rejection of those judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The analysis here is straightforward:

1. Ruffin admits that she is a state-court loser. *See* Dkt. 69 at 6.

2. The injury that Ruffin complains of—that Harkey and Lee denied her transcripts—is the result of a state-court judgment. Specifically, Harkey and Lee refused to provide transcripts to Ruffin because of a December 27, 2023 Order on Contest to Pauper's Affidavit, which ordered that Ruffin "shall be responsible for all future court costs incurred by Plaintiff in this cause." Dkt. 56-1 at 2. When Ruffin later challenged this December 27, 2023 order on appeal, the appellate court overruled her challenge. *See Ruffin v. Remy Real Est. & Inv., Inc.*, No. 14-24-00299-cv, 2025 WL 684733, at *2 (Tex. App.—Houston [14th Dist.] Mar. 4, 2025, pet. denied) ("Because Ruffin failed to challenge the complained-of county court's [December 27, 2023] order within ten days after the order was signed, as required by Rule 145(g), we overrule her first issue.").

3. Both the December 27, 2023 order and the March 4, 2025 appellate judgment overruling Ruffin's challenge to the December 27, 2023 order were rendered before Ruffin instituted this lawsuit on December 8, 2025.

4. Because Harkey and Lee both withheld transcripts from Ruffin due to a state-court order—an order that Ruffin challenged on appeal but was overruled—this court can grant Ruffin the relief she seeks against Harkey and Lee only by rejecting that December 27, 2023 order and the March 4, 2025 appellate judgment overruling Ruffin's challenge to it. That is exactly what *Rooker–Feldman* prevents this court from doing.

Ruffin contends that because "Harkey was not a party to the state judgment at all," Harkey "cannot invoke *Rooker–Feldman* as a jurisdictional shield." Dkt. 69 at 6 (emphasis removed). In making this argument, Ruffin relies on *Lance v. Dennis*, 546 U.S. 459, 464 (2006), for the proposition that *Rooker–Feldman* "does not bar actions brought against nonparties to the state judgment." Dkt. 69 at 6. Ruffin misreads *Lance*. The United States Supreme Court held in *Lance* that the "*Rooker–Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." 546 U.S. at 466. In layman's terms, *Lance* dealt with when federal *plaintiffs* are barred from bringing their claims in federal court. *Lance* said nothing whatsoever about which federal *defendants* can benefit from *Rooker–Feldman*'s jurisdictional bar. *See Lambeth v. Miller*, 363 F. App'x 565, 568–69 (10th Cir. 2010) ("*Lance* held that *Rooker–Feldman* cannot be invoked *against a plaintiff* who was not a party to the underlying state-court action, but it did not purport to limit the invocation of *Rooker– Feldman by a defendant* in a federal proceeding who was not a party in the prior state-court litigation against a plaintiff who was."). Accordingly, Ruffin is simply wrong to suggest that Harkey cannot assert the *Rooker–Feldman* doctrine.[1]

[1] *Rooker–Feldman* is not a personal defense. In that sense, Harkey is legally irrelevant to whether the court must recognize a *Rooker–Feldman* problem because "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (reviewing the applicability of *Rooker–Feldman* even though it was not raised initially on appeal). In other words, I would have raised *Rooker–Feldman* even if Harkey had not.

Ruffin argues that *Rooker–Feldman* "applies only when the alleged injury is the state-court judgment itself; it does not apply when the plaintiff challenges an adverse party's illegal acts." Dkt. 69 at 7 (emphasis removed). Ruffin seems to be overlooking that Harkey and Lee refused to provide Ruffin with transcripts pursuant to the December 27, 2023 order. This court cannot deem Harkey's or Lee's compliance with that order unlawful without first concluding that the state court's December 27, 2023 order—and the March 4, 2025 state appellate judgment overruling Ruffin's challenge to it—was wrong. *Rooker–Feldman* prevents federal courts from making such a determination. That limitation is a basic feature of our federal system: lower federal courts do not sit as appellate courts over state-court judgments. Review of those judgments belongs to the state appellate courts, not this court.

**CONCLUSION**

Ruffin's motion to serve Lee via email (Dkt. 68) is denied.

I recommend that the court dismiss Ruffin's claims against Lee for the same reason the court has already dismissed Ruffin's claims against Harkey. I also recommend that the court construe Ruffin's motion to alter or amend judgment under Rule 59(e) as a Rule 54(b) motion and deny that motion (Dkt. 69) because there has been no legal error in the court's application of the *Rooker–Feldman* doctrine to Ruffin's claims against Harkey and Lee.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of November 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE